IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:      4:14cr75/MW/CAS
                                                 4:15cv439/MW/CAS

DARNELL CLARK,
     Reg. No. 23214-017
     Defendant.
_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant Darnell Clark's

Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255.   (ECF No. 37).   The Government filed a response (ECF

No. 41) and Defendant filed a reply.   (ECF No. 42).   On December 22,

2017, the court entered an order directing Clark to file a supplemental

response, but he did not respond.   (ECF No. 43).   The case was referred

to the undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.   See

N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P.

72(b).   After a careful review of the record and the arguments presented, it

is the opinion of the undersigned that Clark has not raised any issue

requiring an evidentiary hearing and that the § 2255 motion should be

denied.    See Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND

On December 3, 2014, Darnell Clark was charged in a two count

indictment with distributing an unspecified amount of cocaine base in

violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) ("Count One") and

possession of a firearm and ammunition by a convicted felon in violation of

18 U.S.C. §§922(g) and 924(a)(2)("Count Two").   (ECF No. 1).   The

Government filed an Information and Notice of Intent indicating its intent to

seek enhanced penalties as a result of Clark's prior convictions.   (ECF No.

19).

On February 2, 2015, represented by appointed counsel Charles A.

McMurry, Clark entered a plea of guilty pursuant to a written plea

agreement and statement of facts (ECF Nos. 21-23).   The written

statement of facts provides that Clark sold a semi-automatic pistol and

about five grams of cocaine base ("crack") to a confidential informant ("CI")

and a cooperating defendant on January 8, 2014.   (ECF No. 22).   About

three days later Clark sold the CI what was supposedly $500 worth of crack

cocaine but was actually bread.   Both transactions were audio and video recorded, and Clark is clearly depicted on the video.   (ECF No. 22 at 2).

The final Presentence Investigation Report ("PSR") reflected Clark had a base offense level of 24 pursuant to § 2K2.1 of the guidelines, due to two prior felony controlled substance convictions.   (ECF No. 27, PSR ¶ 17).   He received a four-level adjustment under § 2K2.1(b)(6) because he used or possessed the firearm in conjunction with another felony offense, to wit, the sale of crack cocaine.   (ECF No. 27, PSR ¶ 18).   However, his adjusted offense level became 34 due to the application of the career offender enhancement set forth in § 4B1.1.   (ECF No. 27, PSR ¶ 23).[1] After a three-level reduction for acceptance of responsibility, Clark's total offense level was 31.   (ECF No. 27, PSR ¶¶ 24-26).   Clark, who was 26 years old at the time the PSR was prepared, had 20 criminal history points. Therefore, regardless of the application of the Career Offender designation his criminal history category was VI.   (ECF No. 27, PSR ¶¶ 41-43).   The

---

[1] Clark did not qualify for the application of the ACCA enhancement pursuant to 18 U.S.C. § 924(e).   (ECF No. 27, PSR ¶ 85).

applicable guidelines range was 188 to 235 months.   (ECF No. 27, PSR ¶ 66).[2]

The district court found that the applicable guidelines range had been accurately calculated.   However, it sentenced Clark well below the low end of that range to concurrent terms of 110 months' imprisonment on each count.   (ECF Nos. 31, 32).   Judgment was entered on April 20, 2015.

Clark did not appeal, but in September of 2015 moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.   In his amended motion, he separates his claims into four grounds for relief.   He claims that he was improperly sentenced as a career offender, that counsel was constitutionally ineffective for various reasons including failure to file a notice of appeal, that his plea agreement was contrary to applicable law, and that he was entrapped.   The Government opposed the motion.

---

[2] As to Count Two, the PSR contradicts itself in reflecting a ten-year statutory minimum term in one paragraph and a ten year maximum term in the following paragraph.   (ECF No. 27, PSR ¶¶ 65, 66).

Case Nos.: 4:14cr75/MW/CAS; 4:15cv439/MW/CAS

ANALYSIS

General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195

(11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v.*

*Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   *Strickland*'s two-part test also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   A defendant will be required to show, for instance, that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Or in the case of alleged sentencing errors, a defendant must demonstrate

that there is a reasonable probability that, but for counsel's errors, the

result of the proceeding would have been less harsh due to a reduction in

the defendant's offense level. *Glover v. United States*, 531 U.S. 198,

203–04 (2001). A significant increase in sentence is not required to

establish prejudice, as "any amount of actual jail time has Sixth

Amendment significance." *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual

support for his contentions regarding counsel's performance. *Smith v.

White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson

v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).   Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099;

*Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518

F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective

assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d

at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).

To be entitled to a hearing, a defendant must allege facts that, if true, would

prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d

1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record.   *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples

v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

<u>Ground One—Misapplication of Career Offender Status</u>

Clark first claims that he should not have been sentenced as a career offender.   Absent an allegation of ineffective assistance of counsel, such a claim is procedurally barred.   In any event, it is without merit.

The two prior convictions that were used to support the application of the career offender enhancement were: (1) a 2008 conviction for possession of a controlled substance with intent to sell (PSR ¶ 33) and (2) a 2010 conviction for sale of cocaine within 1000 feet of public housing. (ECF No. PSR ¶ 36).   Clark asserts that, in accordance with *Donowa v. United States*, 735 F. 3d 1275 (11th Cir. 2013), a conviction under § 893.13, Florida Statutes does not qualify as a "controlled substance offense" for guidelines purposes because it does not contain a mens rea requirement. The Eleventh Circuit squarely rejected this argument in *United States v. Smith*, 775 F.3d 1262, 1266-1268 (11th Cir. 2014) in which it held that prior Florida drug convictions qualified as both "serious drug offenses" under the ACCA and "controlled substance offenses" under U.S.S.G. § 4B1.2(b).   Clark's argument that either *McFadden v. United* States, 135 S. Ct. 2298 (2015) or *Elonis v. United States*, 135 S. Ct. 2001 (2015) supports a contrary conclusion has also been rejected by the Eleventh Circuit.

*United States v. Blanc*, 631 F. App'x 860, 861 (11th Cir. 2015). He is not entitled to relief on this claim.

> Ground Two--Ineffective assistance of counsel

Clark claims that counsel was constitutionally ineffective because he did not object either to the career offender designation or the firearm enhancement in the PSR.   (ECF No. 37 at 7).   Neither claim has merit. The firearm adjustment is a Chapter Two adjustment which had no impact on Clark's sentence because the Chapter Two guidelines range was superseded by the application of the career offender enhancement and the corresponding Chapter Four guidelines.   Even if there was an error, which the court does not find, no prejudice inured.   And, as noted supra, the career offender designation was properly applied, and counsel was not constitutionally ineffective for failing to object.   Clark complains that no documents were presented to "validate" the priors.   (ECF No. 37 at 26). However, not only has he not denied that these were his convictions, but he signed the statement of facts identifying the convictions in question. (ECF No. 22).

Clark also contends that "counsel was constitutionally ineffective due to failure to consult with Petitioner about an appeal and Counsel failed to

Case 4:14-cr-00075-MW-MAF    Document 44    Filed 01/29/18    Page 17 of 24

Page **17** of **24**

file a Notice of Appeal as requested."   (ECF No. 37 at 7).   He offers no

other facts in support of this claim, and does not mention this alleged failing

on counsel's part in his supporting memorandum.   The Government

overlooked the issue in its response, a fact noted by Clark in his response,

and construed as a "confession of error."   (ECF No. 42 at 3).

As noted above, bare, conclusory allegations are insufficient to

support an ineffective assistance of counsel claim.   A defendant need not

identify any appealable issues to prevail on a claim that counsel was

constitutionally ineffective for failing to file an appeal. *Thompson v. United

States*, 504 F.3d 1203, 1207 (11th Cir. 2007).   The presence or absence

of such an issue can be instructive.   *Roe v. Flores-Ortega*, 528 U.S. 470,

485 (2000) ("Evidence that there were nonfrivolous grounds for appeal or

that the defendant in question promptly expressed a desire to appeal will

often be highly relevant").   In this case, no viable basis for an appeal is

apparent from the record.   Clark entered a guilty plea and his 110 month

sentence was well below the applicable guidelines range of 188 to 235

months.   Furthermore, the departure was based on a defense motion to

which the Government objected.   Had Clark appealed, the Government

Case Nos.: 4:14cr75/MW/CAS; 4:15cv439/MW/CAS

could have cross-appealed.   If his sentence were overturned, upon resentencing his sentence could have been significantly more severe.

Clark mentions in conjunction with his third ground for relief that he did not raise the alleged breach of the plea agreement on appeal because counsel "failed to even submit a Notice of Appeal."   (ECF No. 37 at 27). This does not support his claim that counsel was constitutionally ineffective.

In light of the lack of factual support for Clark's facially contradictory claims that counsel did not consult with him, or conversely, did not file an appeal as requested, the court directed Clark to file a sworn supplement to his motion setting forth the facts giving rise to these allegations.   (ECF No. 43).   He was specifically advised that a failure to respond to the court's order could be construed as an abandonment of the claims relating to counsel's failure to file an appeal.   Despite this admonition, Clark did not respond.   Given Clark's lack of response to the court order, as well as the lack of even the most minimal factual support for his assertions, the court finds that neither relief nor an evidentiary hearing is warranted. *See Winthrop–Redin*, 767 F.3d at 1216.

<u>Ground Three--Breach of plea agreement</u>

Clark's third claim for relief, titled "Breach of Plea Agreement," is that the plea agreement was contrary to applicable law at the time he entered into it, and it is thus void.   He argues that his sentence was "considerably outside" the U.S. Sentencing Guidelines. (ECF No. 37 at 27).   This assertion is factually mistaken.    Furthermore, Clark's belief that the plea agreement was somehow "breached" is also incorrect.   The written plea agreement provided that he faced a maximum term of thirty years of imprisonment as to Count One and a maximum term of ten years of imprisonment as to Count Two.   His 110-month sentence was below the maximum on either of the two counts.

The rearraignment proceeding was not transcribed.   The district court may have an independent recollection of how the proceedings were conducted.   But in any event the written plea agreement, which Clark signed, expressly warned him of the potential sentences he faced as well as the fact that the sentence was not subject to accurate prediction, due to the variety and complexity of issue that may arise at sentencing.   (ECF No. 21 at 3,4).   And, Clark was warned that a sentence greater than he

anticipated would provide ground for withdrawal of his plea.   (ECF No. 21 at 4).   The plea agreement was not breached, and no relief is warranted.

Ground Four--Entrapment

Clark's final claim for relief is that the Government entrapped him into committing the firearm offense, as evidenced, he claims, by the persistent efforts of the Government to obtain same from him.   Clark notes that he was motivated by a need for money to get high on "crack" and that it was improper for the Government to use this need to induce him to commit a crime.

The section of the PSR detailing Clark's substance abuse, which was verified by Clark's fiancée, does not mention crack.   (ECF No. 27, PSR ¶¶ 58, 59).   Counsel alludes to his client's use of crack cocaine in his sentencing memorandum.   (ECF No. 29 at 2).   In his reply Clark retreats from that representation and asserts that regardless of whether the drug "was crack cocaine, Molly or marijuana, it's a drug, and the petitioner was addicted."

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant."   *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014)

Case Nos.: 4:14cr75/MW/CAS; 4:15cv439/MW/CAS

(quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986)

(quoting *United States v. Jackson*, 659 F.2d 73, 74 (5th Cir. 1981)); *Smith v.*

*United States*, 447 F.2d 487, 488 (5th Cir. 1971) (holding that guilty plea

constitutes a waiver of all non-jurisdictional defects and defenses, including

the defense of entrapment).   Thus, Clark waived this defense when he

entered his guilty plea.

Furthermore, it does not appear from the record that Clark could have

presented a viable entrapment defense.   Such a defense contains two

elements:   1) Government inducement and 2) lack of predisposition of the

defendant to commit the crime before the inducement.    *United States v.*

*Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016); *United States v. Sistrunk*,

622 F. 3d 1328, 1333 (11th Cir. 2010).   The inquiry into predisposition is a

subjective one requiring the finder of fact to consider the defendant's

readiness and willingness to engage in the charged crime absent any

contact with the Government's officers or agents.   *United States v. Isnadin,*

742 F.3d 1278, 1298 (11th Cir. 2014).   This element "focuses upon

whether the defendant was an 'unwary innocent' or, instead an 'unwary

criminal' who readily availed himself of the opportunity to perpetrate the

crime."   *Id.* (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)).

Clark had two prior convictions for the sale of cocaine.   As such it would be disingenuous to suggest that he had no prior disposition to selling cocaine.   As reflected in the PSR, he sold a confidential informant a semi-automatic pistol and 5 grams of cocaine base on January 8, 2014.   (ECF No. 27, PSR ¶ 8).   Three days later the CI attempted to purchase more crack cocaine and another firearm.   (ECF No. 27, PSR ¶ 9).   Clark told the CI that they had to go to another area for the firearm and the CI was unable to do this because of law enforcement instructions.   Thus, Clark sold the CI what purported to be $500 worth of crack cocaine, but in reality was bread.   (ECF No. 27, PSR ¶ 9).

In sum, Clark waived his right to assert an entrapment defense, and even if he had not, the record does not suggest that such a defense would have been successful.   Counsel was not constitutionally ineffective.

Conclusion

For the foregoing reasons, the court finds that Clark has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore, Clark's motion should be denied in its entirety.

Case Nos.: 4:14cr75/MW/CAS; 4:15cv439/MW/CAS

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 4:14cr75/MW/CAS; 4:15cv439/MW/CAS

1.    The amended motion to vacate, set aside, or correct sentence (ECF No. 37) be **DENIED and DISMISSED**.

2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 29th day of January, 2018.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**